## APPEAL OF AMERICAN PACKING CO., INC.

Docket No. 1173.    Submitted May 27, 1925.    Decided December 1, 1925

> The taxpayer carried on its books a "Louisiana factory account," which showed both capital and expense items. The debits to this account for the fiscal year ended June 30, 1919, were $57,553.32, of which amount the taxpayer determined that $20,000 represented capital expenditures and $37,553.32 expense payments. The expense payments amounted to $26,553.32. *Held*, that the taxpayer did not file a fraudulent return for the fiscal year ended June 30, 1919, but incurred the negligence penalty of 5 per cent by reason of understating its true net income to the extent of $11,000.

*L. L. Hamby, Esq.*, for the taxpayer.
*J. E. Marshall, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

### FINDINGS OF FACT.

The taxpayer was incorporated under the laws of the State of Louisiana on June 30, 1918, and was a reorganization of the Devitt-Clark Packing Co. The stockholders of the dissolved corporation and the shares held by each during the fiscal year ended June 30, 1918, were as follows:

| Name. | Shares. |
|---|---|
| T. K. Devitt, president | 70 |
| Charles Redding, vice president | 70 |
| P. H. Clark, secretary | 70 |
| Total | 210 |

The officers and stockholders of the American Packing Co. at time of reorganization on July 1, 1918, were as follows:

| Name. | Shares. |
|---|---|
| T. K. Devitt, president | 250 |
| P. H. Clark, secretary | 250 |
| Charles Redding, vice president | 100 |
| Esther Redding | 150 |
| Total | 750 |

The books of account of the Devitt-Clark Packing Co. as of June 30, 1918, showed assets as follows:

| | |
|---|---:|
| Cash | $9, 620. 29 |
| Accounts receivable | 8, 048. 95 |
| Real estate, house | 3, 239. 25 |
| Real estate, camps | 2, 467. 17 |
| Floating equipment | 14, 020. 02 |
| Factory equipment | 9, 694. 46 |
| Automobile | 601. 20 |
| Office equipment | 197. 85 |
| Louisiana factory | 981. 34 |
| Total | 48, 870. 53 |

For the gross assets of $48,870.53, less liabilities consisting of notes payable of $2,000, the taxpayer issued $75,000 capital stock and, in order that the book value of the assets less liabilities might equal the capital stock issued:

| | |
|---|---:|
| "Real estate, house " was written up | $2, 129. 47 |
| "Real estate, camps " was written up | 3, 000. 00 |
| "Floating equipment " was written up | 6, 000. 00 |
| "Factory equipment " was written up | 6, 000. 00 |
| "Louisiana factory " was written up | 11, 000. 00 |
| Total | 28, 129. 47 |

so that the assets and liabilities of the taxpayer at July 1, 1918, showed on its books as follows:

ASSETS.

| | |
|---|---:|
| Cash | $9, 620. 29 |
| Accounts receivable | 8, 048. 95 |
| Real estate, house | 5, 368. 72 |
| Real estate, camps | 5, 467. 17 |
| Floating equipment | 20, 020. 02 |
| Factory equipment | 15, 694. 46 |
| Automobile | 601. 20 |
| Office equipment | 197. 85 |
| Louisiana factory | 11, 981. 34 |
| Total | 77, 000. 00 |

LIABILITIES.

| | |
|---|---:|
| Notes payable | $2, 000. 00 |
| Capital stock | 75, 000. 00 |
| Total | 77, 000. 00 |

Shortly after January 1, 1919, the then bookkeeper of the taxpayer made up from the books a statement showing the profits for the six months' operation from July 1 to December 31, 1918, which statement showed profits for the period of approximately $17,000.

The books of account were not closed at the time. In June, 1919, this bookkeeper left the employ of the taxpayer and wrote to it and to several of the stockholders to the effect that he was resigning because he would not be a party to the filing of a false income-tax return of the taxpayer corporation. Thereupon, another person, one Flannagan, was engaged as bookkeeper, who closed up the taxpayer's books of account for the fiscal year ended June 30, 1919, and compiled the data for the filing of its first income-tax return. This return showed a net loss for the year of $26,296.70.

In June, 1921, two years after the date of the income-tax return referred to above, the office of the corporation was removed from Biloxi, Miss., to New Orleans. Flannagan superintended the moving of the office books from one city to the other. A great many old papers of various kinds were left behind. These papers were left in Biloxi in order that the taxpayer might not have to pay transportation charges to and storage charges on them in New Orleans. Flannagan had no idea that they would ever be of any use in the future. The vouchers showing the expenditures of money at the Bayou Lafourche plant (Louisiana factory account) were among these papers.

Upon an audit of the taxpayer's books of account by a representative of the Commissioner, there was noted a debit to profit and loss as of June 30, 1919, in the amount of $37,437.49. This debit was from an amount called "Louisiana factory." This factory was constructed at Bayou Lafourche, La., during the period from June 1 to September 30, 1918. While this plant was under construction, all expenditures connected with it were charged to the account designated as "Louisiana factory." The debits and credits to this account, as shown by the ledger of American Packing Co., were as follows:

| DEBITS | | CREDITS | |
|---|---|---|---|
| 1918 | | | |
| July 1 | $11,981.34 | | |
| 7–31. C. B. V | 3,524.38 | | |
| 8–31. V. R | 4,042.21 | | |
| 9–30. V. R | 3,557.58 | Nov. 30. Amer. Can Co | $71.01 |
| 10–31. V. R | 1,313.29 | | |
| 12–31. V. R | 10,077.60 | Jan. 30. C. P. Patterson | 44.82 |
| 1919 | | | |
| Jan. 3. V. R | 3,560.45 | 6/30. P. & L. J. 40 | 37,437.49 |
| Feb. 28. V. R | 12.25 | Bal | 20,000.00 |
| Mar. 31 | 3,065.38 | | |
| Mar. 31. Rebstock | 1,000.00 | | |
| 6–30. Sund. V. R. 60 | 13,556.67 | | |
| | 57,553.32 | | 57,553.32 |

A memorandum on the ledger sheet shows:

| | |
|---|---:|
| Land | $4,500 |
| Buildings | 5,500 |
| Floating | 5,000 |
| Machinery and equipment | 4,000 |
| Tools | 1,000 |
| Total | 20,000 |

The plant was located on property of Camille Rebstock, of Golden Meadows, La. It consisted of one frame building 60 by 80 feet, with paper roof. The floating equipment consisted of three small trawl boats, one schooner, and miscellaneous equipment. The machinery and equipment consisted of one boiler, one pump, two process kettles, one engine and piping, etc., all used for the purpose of packing shrimp.

Camille Rebstock, upon whose land the Louisiana factory was located, by agreement with the taxpayer had made practically all payments for materials and supplies used at such factory. This was done for convenience. The taxpayer reimbursed Rebstock each month for expenditures made. An inspection of the ledger sheets maintained by Rebstock, showing various amounts of purchases charged to the taxpayer as well as payments made to him by the company, shows that the total amount charged by Rebstock to the company was $25,949.82. There is a lack of proper vouchers supporting entries on the books of the company, and a certified public accountant was unable to check the purchases shown by Rebstock into the "Louisiana factory" account. The accountant found, however, a number of cash payments appearing in the said account which agree with cash credits on the books of Rebstock. These payments were made between January 1 and June 30, 1919, and amounted in the aggregate to $7,699.47.

In transferring from the "Louisiana factory" account to profit and loss $37,553.32, instead of $26,553.32, and in filing a tax return reflecting such charge to profit and loss, the taxpayer negligently understated its net income in the amount of $11,000.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 15 days' notice, in accordance with Rule 50.

### OPINION.

Smith: The only issue in this appeal is whether the taxpayer falsified its books of account for the fiscal year ended June 30, 1919, by a debit to profit and loss of $37,437.49, and, as a result thereof,

filed a false and fraudulent return for such fiscal year. The return filed showed a net loss of $26,296.70. It is now admitted that mistakes were made in the preparation of the return. The Commissioner has not, however, imputed fraud with respect to any of the errors alleged to have been committed by the taxpayer, except with respect to the debit to profit and loss above referred to. The taxpayer's books of account do not make it clear to whom or for what purpose charges to the Louisiana factory account were made. Supporting vouchers have been destroyed or lost.

The debits to the Louisiana factory account at the close of the fiscal year ended June 30, 1919, amount to $57,553.32. The taxpayer estimated as of the same date that its investment in this plant was $20,000. It is admitted that this is an estimate. The balance of the debits to this account is alleged to represent operating expenses, such as purchase of shrimp, cans, etc. The Bayou Lafourche plant was completed by September 30, 1918. Debits to the account were made in nearly every month of the fiscal year.

We are satisfied from the evidence of record that the investment of the taxpayer in the Bayou Lafourche plant (Louisiana factory) at June 30, 1919, was not in excess of $20,000. We are also satisfied that at least a part of the debits to the account were for operating expenses. The taxpayer admits an error in its opening entry of $11,000. This represented simply appreciation in the value of the plant at that time. We are also satisfied that there was no intention or attempt on the part of the taxpayer to misrepresent its profits on its books of account. We are, therefore, of the opinion that the taxpayer was in error only to the amount of $11,000 in the debit to profit and loss of $37,437.49. The deficiency should be determined upon the basis of a correct debit to profit and loss from the "Louisiana factory" account of $26,437.49. No fraud was committed by the taxpayer in the filing of its income-tax return for the fiscal year ended June 30, 1919, but it was negligent in understating its net income on that return to the extent of $11,000, and the 5 per cent penalty for negligence, imposed by section 250 (b) of the Revenue Act of 1918, was incurred upon any deficiency in tax caused thereby.